This case is before the court on defendant’s motion for summary judgment. Plaintiff seeks compensation under a herd depopulation agreement with the U.S. Department of Agriculture (USDA). Pursuant to authority granted by 21 U.S.C. §§ 114, 114(a) (1976), the Secretary of Agriculture has promulgated regulations to facilitate the control and eradication of contagious diseases among livestock. Because normal testing and slaughter of reactors failed to rid plaintiffs cattle of brucellosis, employees of the Animal and Plant Health Inspection Service of USDA in Tennessee decided to approach plaintiff regarding the possibility of herd depopulation. On September 22, 1976, plaintiff entered into an agreement with USDA representatives in Tennessee whereby plaintiff agreed to slaughter his entire herd (estimated at 456 head of cattle) with the expectation of receiving indemnities pursuant to 9 C.F.R. Part 51 (1976). Numerous delays were encountered and according to defendant the depopulation of the entire herd was never accomplished. This suit followed. Because this case cannot be decided as a matter of law on the uncontroverted facts which are presently before the court, defendant’s motion for summary judgment must be denied.
On the record presently before the court it appears that plaintiff may have stated a claim based on the agreement and the applicable regulations. Although the statute and regulations alone may not mandate payment, as was the *708 case in Julius Goldman’s Egg City v. United States, 214 Ct. Cl. 345, 556 F.2d 1096 (1977), once the USDA exercised its discretion and entered into an agreement, assuming it was done with proper authority, the plaintiff may have become entitled to payment upon full performance according to the terms of the agreement. We do not, however, rule on that issue in consideration of the present motion and cannot because material facts are still in dispute. Although defendant seeks to establish by affidavits that plaintiff failed to have the entire herd slaughtered within the time required, plaintiffs affidavit states that the terms of the alleged agreement were modified at the February 1977 meeting so that plaintiff is entitled to be paid indemnities for the cattle that were slaughtered. Thus, "there are disputed issues of material fact and the case cannot be decided as a matter of law on the uncontroverted facts.” Julius Goldman, 214 Ct. Cl. at 348, 556 F.2d at 1097.
it is therefore ordered that the defendant’s motion for summary judgment is denied, and this case is remanded to the trial division for further proceedings.